## FARMERS' CO-OP. MERCANTILE & SHIPPING ASS'N v. NATIONAL SURETY CO.

(District Court, D. Kansas, First Division. February 1, 1927.)

No. 3039.

1. **Action** ⬤⟲53(2)—**Embezzlements by employé in different years held to give but one cause of action on surety bond renewable from year to year.**

Where surety bond to indemnify employer against larceny or embezzlement by employé was for term of one year, renewable from year to year on payment of annual premium, employer had but one cause of action for breach of bond, though embezzlements occurred in different years.

2. **Principal and surety** ⬤⟲157—**Employer, suing on surety bond, may allege and prove all defalcations by employé, but recovery is limited to penalty of bond.**

In action on surety bond to indemnify employer against embezzlement or larceny by employé, plaintiff may allege and prove all defalcations, regardless of total amount thereof, but recovery is limited to loss proved, not exceeding penalty of the bond.

At Law. Action by the Farmers' Co-operative Mercantile & Shipping Association against the National Surety Company. On defendant's motion to require plaintiff to elect on which count of its petition it will proceed. Order in accordance with opinion.

W. L. Sayers, of Hill City, Kan., for plaintiff.

Henry L. Jost, of Kansas City, Mo., for defendant.

POLLOCK, District Judge. The facts are: December 28, 1922, James Henry Hamel was in the employ of the plaintiff company, and defendant executed on that day and made to the plaintiff a fidelity or surety bond, agreeing to indemnify plaintiff during the life of the bond up to the amount of $5,000 for any loss or damage to plaintiff caused by any act of larceny or embezzlement of said Hamel from plaintiff while he continued in its employ. This bond was to continue in force for the period of one year from its date, and was to be renewed for yearly terms by the payment on December 1st of each succeeding year of the annual premiums of $25 per year. All premiums are alleged to have been paid until said Hamel left the employ of plaintiff on March 12, 1925.

It is further charged in the first count of the petition that, during the period covered by the bond and the renewals of the same, from its date until December 28, 1925, said Hamel embezzled and stole from plaintiff in various sums at different times in the aggregate amount of more than $6,000. Wherefore plaintiff prays judgment in the first count of his petition for the full penalty of the bond, $5,000.

In the second count it is charged that from December 28, 1925, up to March 12, 1926, said Hamel stole or embezzled the further amounts from plaintiff, in the aggre-

gate of $776.24, for which amount judgment is also demanded.

Defendant moves for an order requiring the plaintiff to elect between its two counts or causes of action, on which it will proceed to trial; also, as the particular items of loss claimed in the first count of the petition exceed the penalty of the bond, that such claims be eliminated or cut down to the penalty of the bond as pleaded.

[1] Although there were several renewals of this bond, there was but one bond in force at any time. This action is to recover damages for a breach of that one bond. But one such recovery can be had on the bond, and that recovery cannot exceed in amount the penalty of the bond, $5,000. In so far, all is clear. It follows there is but one cause of action, not two, as pleaded.

[2] However, I cannot agree with the contention of defendant, as to the alleged defalcations, particularized by plaintiff in his pleading and aggregating more than the penalty of the bond, such claims as pleaded must be stricken out or cut down to the amount of the penalty of the bond. While the amount which plaintiff may recover is limited to $5,000, yet the amount of loss to plaintiff caused by Hamel's derelict act covered by the conditions of the bond may be many times that amount. Hence all such acts may be alleged and proven, the recovery to be limited to no more than that shown by the evidence to have been loss covered by the bond, and further limited in recovery to the penalty of the bond.

Plaintiff may strike out its second cause of action, or may amend by asserting all his losses sustained in one count, but limiting his prayer for recovery to the penalty of the bond.

It is so ordered.